

11/15/2007

THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 07-40470-R |
| JUAN ARMANDO HERNANDEZ § | |
| XXX-XX-3393 § | CHAPTER 13 |
| 1801 AVON DRIVE § | |
| CORINTH, TX 76210 § | |
| § | |
| MONICA DANIELLE HERNANDEZ § | |
| XXX-XX-2167 § | |
| § | |
| DEBTORS. § | |

**MEMORANDUM OPINION AND ORDER REGARDING
THE ATTORNEY GENERAL'S OBJECTION TO
CONFIRMATION OF THE DEBTORS' AMENDED CHAPTER 13 PLAN**

On October 31, 2007, the Court conducted a hearing to consider confirmation of the Amended Chapter 13 Plan (the "Amended Plan") proposed by the debtors, Juan Armando Hernadez and Monica Danielle Hernandez (collectively, the "Debtors"), in this case. The State of Texas, Office of the Attorney General, Child Support Division (the "Attorney General"), appeared at the hearing and objected to confirmation of the Amended Plan. Janna L. Countryman, the Chapter 13 trustee, appeared in support of the Amended Plan. For the reasons that follow, the Court concludes that the Attorney General's objection should be overruled and that the Amended Plan should be confirmed.

**Relevant Facts**

The facts in this case are straightforward and are not in dispute. The Attorney General timely filed a proof of claim for a child support arrearage in the amount of $1,557.88. The Attorney General filed the claim as an unsecured priority claim pursuant to §507(a)(1) of Title 11 of the United States Code (the "Bankruptcy Code").

1

The Debtors' Amended Plan proposes to pay the Attorney General's claim as an unsecured priority claim under §507(a)(1). The Amended Plan does not provide for the full payment of general unsecured claims or for the payment of any interest on the Attorney General's unsecured priority claim. The Attorney General objects to the confirmation of the Amended Plan, contending that the Bankruptcy Code requires that the Amended Plan provide for the payment of post-petition interest accruing on the child support arrearage under Texas law.

### Arguments

The Attorney General begins its argument with the definition of "domestic support obligation." The term "domestic support obligation" was added to §101 of the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "BAPCPA").[1] A "domestic support obligation," as the Bankruptcy Code now defines the term, includes not only a child support arrearage, but also interest accruing on the arrearage under applicable nonbankruptcy law. *See* 11 U.S.C. §101(14A).[2] The applicable nonbankruptcy law in this case

---

[1] The revisions made to the Bankruptcy Code by BAPCPA apply to cases filed after October 17, 2005. *See* BAPCPA, 109 P.L. 8 § 1501(b)(1) ("the amendments made by this Act shall not apply with respect to *cases commenced* under title 11, United States Code, before the effective date of this Act.") (emphasis added); *see also, In re Kilroy,* 354 B.R. 476, 496-97 (Bankr. S.D. Tex. 2006).

[2] This provision defines the term "domestic support obligation" as --

[A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—

(A) owed to or recoverable by—
    (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
    (ii) a governmental unit;
(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
    (i) a separation agreement, divorce decree, or property settlement agreement;
    (ii) an order of a court of record; or

2

is section 157.265 of the Texas Family Code, which provides (in pertinent part) that interest accrues on delinquent child support at the rate of six percent per year from the date the support is delinquent until the support is paid.

The Attorney General argues that a domestic support obligation, including accruing interest, constitutes a priority claim pursuant to §507(a)(1) of the Bankruptcy Code. The Attorney General further argues that, because all claims entitled to priority under §507 must be paid in full pursuant to §1322(a)(2),[3] the Court must deny confirmation of a plan that does not propose to pay post-petition interest accruing on a claim for a domestic support obligation. The Attorney General cites the Court to *In re Reid,* 2006 WL 2077572 (Bankr. M.D. N.C. 2006), to support its position.

The Chapter 13 trustee agrees that domestic support obligations include interest accruing pursuant to non-bankruptcy law and that the Texas Family Code provides for such interest. The Chapter 13 trustee argues, however, that interest accruing post-petition does not qualify as a priority claim pursuant to §507(a)(1). The Chapter 13 trustee further argues that the Debtors may not confirm a plan that provides for the payment of interest on a domestic support obligation unless general unsecured claims are first paid in full. The Chapter 13 trustee cites this court to §1322(b)(10) in support of her position. This provision, which was added to the Bankruptcy Code by the BAPCPA, states that a plan shall --

---

        (iii)    a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
  (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt. 11 U.S.C. §101(14A).

[3] This provision requires that "the plan shall…(2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim…" 11U.S.C. §1322(a)(2).

3

> provide for the payment of interest accruing after the date of the filing of the petition on unsecured claims that are nondischargeable under section 1328(a), except that such interest may be paid only to the extent that the debtor has disposable income available to pay such interest after making provision for full payment of all allowed claims."

11 U.S.C. § 1322(b)(10). As amended by the BAPCPA, §§ 1328(a) and 523(a)(5) now except from discharge all "domestic support obligations."

## Discussion

The issue before the Court is how much of a domestic support obligation must be paid through a Chapter 13 plan. As the Attorney General suggests, §1322(a)(2) of the Bankruptcy Code requires that priority claims be paid in full. The parties agree that the arrearage on the child support obligation is entitled to priority. The dispute is whether interest accruing after the filing of the petition is also a priority claim.

A determination of whether an obligation is entitled to priority begins with §507 of the Bankruptcy Code. The BAPCPA significantly amended §507(a) by moving domestic support obligations from the seventh priority debt to the first priority debt. New §507(a)(1)(A) elevates the following domestic support obligations ahead of all administrative costs, including attorney's fees:

> *Allowed* unsecured claims for domestic support obligations that, *as of the date of the filing of the petition in a case under this title*, are owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative, without regard to whether the claim is filed by such person or is filed by a governmental unit on behalf of such person, on the condition that funds received under this paragraph by a governmental unit under this title after the date of the filing of the petition shall be applied and distributed in accordance with applicable nonbankruptcy law.

11 U.S.C. §507(a)(1)(A) (emphasis added). The new §507(a)(1)(A), by its terms, grants first priority to certain domestic support obligations that are owed or recoverable by certain parties *as of the date of the filing of the petition* – but it does not, by its terms, grant priority to interest that

4

accrues on a child support arrearage after the filing of the petition. Since the interest in question in this case was not owed when the Debtors filed their petition, it does not have priority under §507(a)(1)(A) of the Bankruptcy Code.

Furthermore, priority under §507(a)(1) is limited to *allowed* unsecured claims. Section 502(b) lists the types of claims that may not be allowed by this Court in determining the amount of a claim as of the petition date. Section 502(b)(2) specifically mandates that claims for unmatured interest be disallowed. Additionally, §502(b)(5) mandates the disallowance of a claim to the extent "such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title." 11 U.S.C. §502(b)(5). Since any interest accruing on a child support arrearage after the filing of the petition is post-petition interest, and, therefore, unmatured, and since a claim for a domestic support obligation is excepted from discharge under §§ 523(a)(5) and 1328(a) of the Bankruptcy Code, the Attorney General's claim for post-petition interest would not qualify as an allowed claim under §502(b), and in turn, would not be entitled to §507(a)(1) priority.

Notably, the Attorney General may nevertheless be paid interest on the domestic support obligation outside the Amended Plan. Inasmuch as the obligation is excepted from discharge under §523(a)(5) of the Bankruptcy Code, the Debtors are not relieved from the obligation to pay interest on the claim. *See* 11 U.S.C. §727(b). Therefore, confirmation of the Amended Plan does not release the Debtors from the obligation for interest that continues to accrue on the arrearage or from the obligation for child support payments that have or will become due after the filing of the petition.

## Conclusion

There being no priority for the Attorney General's claim for post-petition interest, there is

no requirement that accruing interest be paid through the Chapter 13 plan. The Amended Plan is, therefore, confirmable. The Court has entered a separate confirmation order consistent with these findings and conclusions.

**IT IS THEREFORE ORDERED** that the Attorney General's objection to confirmation of the Amended Plan is hereby **OVERRULED**.

Signed on 11/15/2007

*Brenda T. Rhoades*   SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE